IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Leroy Onon Smoot, ) | Criminal Action No.: 4:06-cr-01034-RBH-1 |
| ) | Civil Action No.: 4:10-cv-70236-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a federal prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2255. This matter is now before the court with Respondent's [Docket Entry 59] Motion for Summary Judgment filed on August 26, 2010. For the reasons set out below, the court grants Respondent's Motion.

## **Background**

On January 3, 2007, Petitioner plead guilty to being a felon in possession of a firearm and possession of crack cocaine, with intent to distribute. *See* Guilty Plea [Docket Entry 35]; *see also* Indictment [Docket Entry 2].

After a sentencing hearing, the court imposed a total aggregate sentence of 188 months' imprisonment. Judgment was entered accordingly on March 26, 2007. *See* Judgment [Docket Entry 40]. Petitioner did not file a direct appeal from this Judgment.

On August, 16, 2010, Petitioner filed his [Docket Entry 52] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In the § 2255 Motion, Petitioner alleges both denial of the right to appeal and ineffective assistance of counsel. *See* § 2255 Motion at 4-5.

On August 26, 2010, Respondent filed its summary judgment motion, which is now

before the court. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on September 9, 2010, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. On September 30, 2010,[1] Petitioner timely responded to the summary judgment motion.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson,* 495 F.3d 134, 139-40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

### Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is

3

a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

**Discussion**

In his § 2255 Motion, Petitioner alleges both denial of the right to appeal and ineffective assistance of counsel. Essentially, Petitioner contends that "counsel knew, or should have known, that he wanted to appea[l] under the totality of the circumstances," but counsel failed to file such an appeal. § 2255 Motion at 4. Respondent, however, argues in its summary judgment motion that Petitioner's § 2255 Motion is untimely, and therefore should be denied.

The timeliness of Petitioner's § 2255 Motion is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires. *Evans v. United States*, No. 4:09-70049-TLW, 2010 WL 1052824, at *2 (D.S.C. Mar. 19, 2010); *see Clay v. United States*, 537 U.S. 522 (2003); *see also United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that the petitioner's conviction became final on the date on which he declined to pursue direct appellate review); *accord Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (noting that a judgment of conviction becomes final in most cases when the time for filing a direct appeal expires).

As this court stated above, Petitioner's conviction and sentence were imposed by Judgment filed on March 26, 2007. Because Petitioner did not seek direct appellate review, his Judgment became final for the purpose of starting the one-year limitations period in April 2007.[2] Petitioner then had one year, specifically until April 2008, in which to file his § 2255 Motion. Petitioner did not file his § 2255 Motion at issue here until August 16, 2010, more than two (2) years after the one-year limitation period had expired. As such, the § 2255 Motion is untimely under § 2255(f)(1).

Petitioner contends that, under § 2255(f)(4), his conviction did not become final until he "learn[ed] that counsel had not file[d] the desired appeal." § 2255 Motion at 12. In other words, Petitioner appears to argue that his § 2255 Motion is timely because he filed it within one (1)

---

[2] Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Petitioner had ten (10) days from that Judgment date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(1) (2006). The court also notes that the new rule now provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]" Fed. R. App. P. 4(b)(1)(A)(1) (2010).

5

year of the date on which he discovered the facts underlying his claims–i.e., that his counsel had not filed a direct appeal on his behalf.³ This contention is without merit. As § 2255(f)(4) clearly states, the one-year limitation period begins on the date on which the underlying facts "could have been discovered through the exercise of due diligence." Therefore, "[t]he dispositive issue . . . is not the date upon which [Petitioner] actually discovered that no appeal had been filed but rather the date on which due diligence would have led to such a discovery." *United States v. Hairston*, No. 4:05cr00022-1, 2008 WL 4809165, at *5 (W.D. Va. Nov. 4, 2008). Petitioner notably does not identify the date on which he claims to have learned that his counsel had not filed a direct appeal.⁴ Regardless, if Petitioner's counsel did in fact fail to file an appeal, such failure occurred ten (10) days after Petitioner's Judgment was entered in March of 2007. Therefore, Petitioner's claim is based on facts that existed over three (3) years prior to the filing of this § 2255 Motion. Moreover, "the fact that an appeal had not been filed is simply a 'matter of public record, which reasonable diligence could have unearthed.'" *Hairston*, No. 4:05cr00022-1, 2008 WL 4809165, at *6 (quoting *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)). Petitioner has made no attempt to explain why he could not have discovered sooner, through the exercise of due diligence, the fact an appeal had not been filed. Also, in light of the fact Petitioner contends his counsel "did not discuss [an appeal] with him in any meaningful way," Petitioner cannot successfully argue that he reasonably assumed his counsel had filed the appeal.

---

³ The court notes that Petitioner made this argument only in his § 2255 Motion, and not in his Response to the summary judgment motion. As a matter of fact, Petitioner failed to address Respondent's arguments regarding timeliness in his Response to the summary judgment motion. Rather, in that Response, Petitioner only discussed the merits of his claims, and not the timeliness or untimeliness of those claims.

⁴ Based on his § 2254(f)(4) arguments, the earliest that Petitioner could have discovered the appeal had not been filed was on August 16, 2009–one (1) year prior to the filing of this § 2255 Motion, and over two (2) years after the date of his Judgment.

6

Other district courts in this circuit have rejected similar arguments in the past.[5] Because Petitioner did not exercise due diligence in discovering the absence of an appeal, the court cannot find that Petitioner's § 2255 Motion is timely under § 2255(f)(4).

## Conclusion

Based on the foregoing, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DISMISSED**, *with prejudice*, as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                    s/R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
October 8, 2010

---

[5] *See*, *e.g.*, *Facundo v. United States*, No. 1:10cv78, 2010 WL 2245992, at *4 (W.D.N.C. June 2, 2010) ("[A]fter a reasonable amount of time passed, something far less than a full year, when counsel failed to make contact with him concerning the status of his anticipated appeal, the Petitioner had an obligation to inquire about the appeal with counsel and/or the Court. . . . The Petitioner's failure to timely make such an inquiry simply was unreasonable, and he must bear the consequences of that failure."); *Rice v. United States*, No. WDQ-08-3107, 2009 WL 1740505, at *12 n.12 (D. Md. June 18, 2009) ("Rice was sentenced in late October 2006, but did not contact the court to check on the status of his appeal until late October 2007. A reasonably diligent person–having received no response from his attorney–would have contacted the court sooner."); *Hairston*, No. 4:05cr00022-1, 2008 WL 4809165, at *6 ("Hairston failed to act with any diligence whatsoever for nine (9) months as he sat assuming that an appeal had been filed. . . . If Hairston had any doubt as to whether an appeal had been filed, due diligence require[d] that he have contacted his counsel and/or requested a copy of the docket with all reasonable speed.").