IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 4:06-1034-RBH |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| Leroy Onon Smoot, | ) | |
| | ) | |

This matter is before the court on the defendant's <u>pro se</u> motion to reduce his sentence filed on August 21, 2013 and supplemented on June 4, 2014 (ECF Nos. 102 and 104). This court previously sentenced the defendant on March 23, 2007 to a term of imprisonment of 188 months and the judgment was entered accordingly on March 26, 2007. On August 16, 2010, the defendant filed a motion to vacate under 28 U.S.C. § 2255. The Court granted the respondent's motion for summary judgment on the basis that the petition was time-barred. The defendant appealed this ruling to the Fourth Circuit, which affirmed the decision of this Court. The government subsequently filed a motion for sentence reduction under Rule 35(b), and an amended judgment was filed on April 27, 2012, reducing the sentence to 164 months.[1]

 In the present motion, the defendant requests generally that the court reduce his sentence on the basis of his difficulties in prison because he is deaf. He also makes arguments based on <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013) and <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013).

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment is generally considered a final judgment for all purposes. There are however, very

---

[1] The Court has also denied Defendant's previous motions to reduce sentence based on amendments to the laws relating to sentencing for drug offenses on the basis that he is a career offender, and Chapter 4 overrides Chapter 2. (ECF Nos. 46, 89, 100)

limited circumstances set forth in 18 U.S.C. § 3582(c), which allow a court to modify a term of imprisonment. Those limited circumstances only allow a court to modify a term of imprisonment if: (1) there is a motion by the Director of the Bureau of Prisons and (a) the court finds that extraordinary and compelling reasons warrant a reduction, or (b) the defendant is at least 70 years of age and has served 30 years in prison; (2) pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) the defendant has been sentenced based on a sentence range that has been subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c). The defendant's arguments do not fit within the above circumstances. Therefore, the motion under 18 U.S.C. § 3582(c) is denied.

Defendant's arguments under Alleyne and Descamps would more appropriately be made in a Section 2255 petition. However, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); see also 28 U.S.C. § 2255. In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under Section 2255. The docket does not reflect such authorization. Therefore, these grounds are denied without prejudice.

For the reasons stated above, the court finds that the defendant has not set forth a sufficient basis to warrant a modification or reduction in his sentence, and therefore, the motion [ECF No. 102 as supplemented by ECF No. 104 ] is hereby denied.

However, the Court is aware of the recent amendments to the Guidelines, neither of which go into effect until November 1, 2014, and only then if not modified or disapproved by Congress. Further, the Chief Judge of this district has recently entered two orders, both of which provide for identification by the Probation Office of defendants who may benefit from and could be subject to the amendments, and appointment of the Federal Public Defender to represent defendants, with their consent. Because

the defendant has filed this pro se motion, however, the court directs Probation to review his file to determine whether the recent guideline amendments apply to his case and, if so, to follow the directives of the Chief Judge's Orders.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 2, 2014
Florence, South Carolina

3